# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOWFIZ HEKMAT HEKMAT,<br><br>                    Petitioner,<br><br>v.<br><br>WARDEN, Imperial Regional Detention Facility,<br><br>                    Respondent. | Case No.: 26cv1509 DMS JLB<br><br>**ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

Petitioner Towfiq Hekmat Hekmat, a detainee of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, and proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (*see* ECF No. 1), and Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed *in Forma Pauperis*, (*see* ECF No. 2 ("Mot.")), in which he attests he has insufficient means to pay the $5.00 filing fee.  Accordingly, the Court **GRANTS** Petitioner's Motion, and the Clerk **SHALL FILE** the Petition for a Writ of Habeas Corpus without prepayment of the filing fee.

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to those brought under 28 U.S.C. § 2254. *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule(s)"); Habeas Rule

1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254). Accordingly, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition ... that the petitioner is not entitled to relief," the "judge must dismiss the petition." Habeas Rule 4; *Mayle v. Felix*, 545 U.S. 644, 656 (2005). A petition must state: (1) all grounds for relief, (2) facts that sufficiently support each asserted ground; (3) an explanation of how these facts give rise to a real possibility that the government engaged in unlawful conduct and/or caused some constitutional harm. Habeas Rules 2(c), 4, and 5(b); *Mayle*, 545 U.S. at 655; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).

While a pro se petitioner is not held to the standards of pleading and practice imposed upon members of the bar—they must, however, state with some specificity the facts upon which they contend their incarceration is unlawful. *Hardison v. Dunbar*, 256 F.Supp. 412, 414-15 (N.D. Cal. 1966). A petitioner that fails to do so is not barred from seeking relief in the future, they must merely file a new petition. *Id.* (citing *Sanders v. United States*, 373 U.S. 1, 8 (1963)).

Here, Petitioner did not include any facts in his Petition. Other than writing his name, identification number, and place of detention, his Petition is blank. Absent any facts explaining the basis and circumstances of Petitioner's detention, and actual claims explaining why he is entitled to relief, the Petition is DISMISSED without prejudice.

**IT IS SO ORDERED**.

Dated:  March 16, 2026

_____
Hon. Dana M. Sabraw
United States District Judge

26cv1509 DMS JLB